# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>   Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>   Defendants. | Case No. 6:20-cv-00479-ADA |

**DEFENDANTS' REPLY IN SUPPORT OF
OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE
TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

## **TABLE OF CONTENTS**

Page

I. ARGUMENT ........................................................................................................................ 1

    A. Relative Ease of Access to Sources of Proof Favors Transfer (Factor 1) ............... 1

    B. Cost of Attendance for Willing Witnesses Favors Transfer (Factor 3) ................... 2

    C. All Other Practical Problems Favor Transfer (Factor 4) ......................................... 4

    D. Localized Interests Favor Transfer (Factor 6) ......................................................... 4

    E. Court Congestion/Familiarity of the Forum Factors Are Neutral (Factors 5 and 7) ........................................................................................................................ 5

II. CONCLUSION ................................................................................................................... 5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Adobe*,
    545 F. App'x 929 (Fed. Cir. 2020) .................................................................................................5

*In re Apple Inc.*,
    2020 WL 6554063 (Fed Cir. Nov. 9, 2020) ...............................................................................2, 4

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) .....................................................................................................2

*In re Hoffmann-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009) .....................................................................................................1

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
    No. 1:14-CV-464-LY, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) ....................................4

*Moskowitz Family LLC. v. Globus Med., Inc.*,
    No. 6:19-CV-00672-ADA, 2020 WL 4577710 (W.D. Tex. July 2, 2020) .................................1

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009) .....................................................................................................2

*Peteski Prods., Inc. v. Rothman*,
    No. 5:17-CV-00122-JRG, 2017 WL 8943154 (E.D. Tex. Nov. 13, 2017) ..................................3

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014) .....................................................................................................2

*VLSI Tech. LLC v. Intel Corp.*,
    No. 6:19-CV-00254-ADA, 2019 WL 8013949 (W.D. Tex. Oct. 7, 2019) ..................................3

**Rules**

Fed. R. Evid. 803 ................................................................................................................................2

## TABLE OF ABBREVIATIONS

| Abbreviation | Term/Document(s) |
|---|---|
| **Patent** | U.S. Patent No. 8,402,129 |
| **Amended Complaint or Am. Compl.** | Amended Complaint (D.I. 33) |
| **Crantz Decl.** | Declaration of Kellie Crantz, D.I. 42-1 |
| **Dell or Defendants** | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| **Hogan Decl.** | Declaration of Matt Hogan, Case No. 20-cv-473, D.I. 51-5 |
| **Motion or Mot.** | Defendants' Opposed Motion for Intra-District Transfer of Venue to the Austin Division of the Western District of Texas (D.I. 42) |
| **Opposition or Opp.** | Response Opposing Motion to Transfer (D.I. 55) |
| **WSOU or Plaintiff** | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

# TABLE OF EXHIBITS[1]

| Exhibit | Description |
|---|---|
| 19 | Declarations of Matt Hogan from Cases 20-cv-454 through -465, -473 through -482, and -485 through -497 (W.D. Tex.) |
| 20 | News Articles Referencing Aqua Licensing and WSOU (last retrieved Nov. 23, 2020) |
| 21 | Docket Report from *Data Scape Limited v. Dell Technologies, Inc. et al.*, Case No. 1:19-cv-00605-ADA (W.D. Tex.) |
| 22 | WSOU Investments, LLC d/b/a Brazos Licensing and Development's Response Opposing ZTE (USA), Inc.'s Motion to Dismiss or in the Alternative Transfer Venue, Case No. 20-cv-487, D.I. 36 (W.D. Tex.) |
| 23 | Federal District Court Cases from Lex Machina (obtained Nov. 23, 2020) |
| 24 | 2019 Fiscal Year Report for the Western District of Texas (last retrieved Nov. 22, 2020) |
| 25 | Microsoft Corporation's Reply in Support of its Opposed Motion to Transfer Venue to Austin Division and Exhibit 19, Case No. 20-cv-454, D.I. 34, 34-3 (W.D. Tex.) |

---

[1] Exhibits are attached to the Supplemental Declaration of Brian A. Rosenthal in Support of Defendants' Reply.

Defendants explained why *this* lawsuit's unique facts demonstrate that Austin is clearly more convenient than Waco. WSOU does not address *this* lawsuit's specific circumstances, but misrepresents the law and facts, and recycles an old declaration inapplicable to *this* case. Viewing the facts under the correct standard, this case should be transferred to Austin.

**I.     ARGUMENT**

**A.  Relative Ease of Access to Sources of Proof Favors Transfer (Factor 1)**

Contrary to WSOU's argument, the ease of access to proof strongly favors transfer. The law is clear: "[T]he bulk of the relevant evidence usually comes from the accused infringer." *Moskowitz Family LLC. v. Globus Med., Inc.*, No. 6:19-CV-00672-ADA, 2020 WL 4577710, at *3 (W.D. Tex. July 2, 2020); Mot. at 6. WSOU ignores this reality and focuses on its own documents. Opp. at 6. Yet, it does not dispute that it did not develop the patent or the technology, nor ever employ the inventors. Mot. at 2, 7. In the face of this motion (at *id.*), WSOU's refusal to explain the nature of its (few) documents for *this* case is telling. Indeed, it recycles the *same* Hogan declaration generically referencing documents in 35 *different* patent cases. Ex. 19.

Additionally, WSOU obscures the timing of when and why its documents were moved. WSOU does not dispute that *all* of WSOU's activities related to the Patent occurred outside Texas.[2] Mot. at 1–3. Instead, WSOU argues this is irrelevant. Opp. at 6–7. The Federal Circuit disagrees. "[T]he assertion that these documents are 'Texas' documents is a fiction which appears to [have] been created to manipulate the propriety of venue . . . attempts to manipulate venue in anticipation of litigation or a motion to transfer falls squarely within these prohibited activities." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009).

---

[2] WSOU states, without any supporting declaration, that Defendants "falsely claim" that WSOU hired Aqua Licensing to sell its patents. Opp. at 3. WSOU's naked denial is inconsistent with the available public information as set forth in several online articles. *See* Ex. 20.

1

Unable to rely on the situs of its own documents, WSOU ignores Dell's Austin Division headquarters and hypocritically attacks Defendants' declaration explaining that Dell's financial documents are expected to be situated at its headquarters.[3]  Opp. at 7–8.  Unlike *Data Scape*,[4] Defendants' ability to identify specific documents (or witnesses) is hampered by WSOU's deficient allegations and contentions.  Mot. at 6 n.5.  Nevertheless, Defendants identified where documents are likely stored,[5] and identified potential third-party sources such as Aqua Licensing and Broadcom.  WSOU misconstrues *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) to argue these outside documents are irrelevant.  But in *Toyota*, the Federal Circuit found, under the specific facts there, the outside documents did not alter the outcome.  *Id*.  *Toyota* did not create a rule that outside documents are irrelevant—indeed, *Toyota* cited two cases that considered outside documents and witnesses.  *Id*. (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (discussing documents in Europe) and *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (discussing witnesses in Japan)).  Here, outside documents are not irrelevant, but further reinforce that WSOU's documents are minimal, and like *Toyota*, these outside documents do not alter, but provide more support, that this factor favors transfer.

### B. Cost of Attendance for Willing Witnesses Favors Transfer (Factor 3)

Defendants explained how it is more convenient for each nonparty witness, including the

---

[3] WSOU, without support, argues portions of Crantz's declaration are hearsay.  WSOU is wrong—Crantz's declaration falls under the business records exception.  Fed. R. Evid. 803. WSOU's unfounded attacks are an attempt to distract from Hogan's declaration, which is necessarily based on hearsay as he was not employed at WSOU during the relevant activities giving rise to the suit.

[4] In *Data Scape*, there were no deficiencies raised with the complaint.  *See* Ex. 21.  Here, Defendants have filed motions to dismiss, and written letters to WSOU.  *See, e.g.*, D.I. 56-3.

[5] WSOU does not dispute that Defendants do not have facilities in Waco.  WSOU could have sought discovery into the location of Defendants' documents as it has asked for venue discovery in other cases. Ex. 22 at 9.  Not surprisingly, WSOU instead argues alternatively that if the Court credits Defendants' documents, the Court should credit Mr. Hogan in Waco.  The Federal Circuit foreclosed this argument.  *In re Apple Inc.*, 2020 WL 6554063, at *4 (Fed Cir. Nov. 9, 2020).

inventors, past owners and prior sellers of the Patent, and other third parties to have this case tried in Austin. Mot. at 7–8. Defendants also explained how it is more convenient for *both* parties' witnesses to have the case transferred to Austin. Mot. at 8–9. WSOU does not dispute any of Defendant's factual support, including the flight availability, duration, and cost. Instead, WSOU propounds three generic arguments and then concludes that this factor "weighs heavily" against transfer. Opp. at 9–10. WSOU's conclusion rests on a thrice-flawed foundation.

First, WSOU argues that Austin and Waco are equally convenient for out-of-state witnesses. *See* Opp. at 9. Despite Defendants' factual support to the contrary, WSOU fails to support its statement with any evidence. Nor can it in view of the significant burden witnesses would suffer in time and/or cost if this stayed in Waco. Although WSOU cites *VLSI*, this Court's statement regarding the convenience of Austin and Waco was based on limited record evidence assessing travel to Austin and Waco but only from the Austin and Dallas airports. *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254-ADA, 2019 WL 8013949, at *5 (W.D. Tex. Oct. 7, 2019) (discussing travel from AUS and DFW). Even under a limited record, the Court found that this factor "strongly weighs in favor of transfer" to Austin. *Id*. at 5. Here, the evidence is even stronger.

Second, WSOU argues that witnesses should not be given weight without evidence about willingness. Opp. at 10. WSOU's position—requiring a party to ascertain "willingness" before initial disclosures and pleadings are settled—is unreasonable and unprecedented. WSOU's sole case does not say a party must prove "willingness." In *Peteski*, the court analyzed a transfer from where it had subpoena power of a potential witness to a court that did not. *Peteski Prods., Inc. v. Rothman*, No. 5:17-CV-00122-JRG, 2017 WL 8943154, at *3 (E.D. Tex. Nov. 13, 2017) (witness subject to E.D. Tex.'s subpoena power but not C.D. Cal.'s). This is why the court discussed whether the witness was willing to appear in California. *Id*. at *3–4. No such issue exists here.

3

Third and finally, WSOU argues that Defendants "forgot" about Dallas. Opp. at 10. It is unclear how Dallas impacts a transfer analysis between Austin and Waco, and tellingly, WSOU could have provided, but chose not to provide any evidence about Dallas.[6]

### C. All Other Practical Problems Favor Transfer (Factor 4)

Despite WSOU's protestations, this factor weighs in *favor* of transfer. As explained, this factor analyzes whether a case is in its early stages. Mot. at 9 (citing *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 1:14-CV-464-LY, 2014 WL 12479284, at *2 (W.D. Tex. Aug. 12, 2014)); *see also In re Apple*, 2020 WL 6554063, at *7 (discussing "significant steps").[7] WSOU does not dispute that this case is in its early stages, meaning the case schedule is unlikely to be disrupted. Nor could it; this is not a transfer to a different district or judge. Mot. at 9–10. This case will remain with Your Honor but simply be heard in Austin. *Id*.

### D. Localized Interests Favor Transfer (Factor 6)

Contrary to WSOU's arguments, localized interests favor transfer. WSOU admits this factor analyzes the connection of each forum to *both* the parties *and* events giving rise to the suit. Opp. at 11. It does not dispute Defendants' long ties to the Austin Division. *See id*. Its sole dispute is if the events giving rise to the suit favor Austin. They indisputably do. Mot. at 9–10.

WSOU mischaracterizes Defendants' activities by stating that no Austin employees were

---

[6] WSOU also argues that Defendants' Austin witnesses should be overlooked because it "merely shifts convenience." Opp. at 10. But WSOU has not established that its Waco witness has relevant knowledge, merely that it may strategically designate its Waco employee as a corporate witness.

[7] WSOU unilaterally interprets factor 4 as dealing with court congestion, but it is factor 5 where congestion is considered. *Infra* § I.E. It then relies on 2019 statistics to claim Waco is "less congested" than Austin. Current statistics indicate Waco has more civil cases per judge. Ex. 23. Defendants have not located current criminal statistics, but WSOU's claim that Austin has more criminal cases, Opp. at 10–11, is circumspect. Per the 2019 Report, cited by WSOU, Opp. at 10 n.14, more criminal cases were filed in Waco in 2019, *see* Ex. 24 at 3. Thus, WSOU has not supported its position under its erroneous view of the law. Moreover, as this case will remain with Your Honor, such statistics are meaningless. Mot. at 9–10.

identified. Opp. at 12. WSOU is wrong. *See* Crantz Decl. ¶ 6. WSOU also does not dispute that its activities relating to this suit occurred *before* it established a presence in Waco. Mot. at 2–3. Unable to avoid these clear facts, WSOU focuses on its recent connection to Waco, stating: it "is a company headquartered in downtown Waco and has strong ties to Waco." Opp. at 12. WSOU's "ties" to Waco being "strong" are hyperbole; its statement does not reveal how Waco relates to the events giving rise to *this* suit. WSOU cites Mr. Hogan's declaration; he does not discuss this suit but only *other* "business[es] and inventors." Hogan Decl. ¶ 6. Neither is relevant here.

WSOU next pivots to self-serving, and conclusory attorney argument about "the work and reputation of WSOU's employees in Waco." Opp. at 12. It makes this unsupported statement without explaining who is involved in *this* case. Despite referencing a plurality of employees, it named only Mr. Hogan in Waco.[8] The Court should reject WSOU's unsupported assertions.

### E. Court Congestion/Familiarity of the Forum Factors Are Neutral (Factors 5 and 7)

WSOU argues these two factors do not favor transfer. Opp. at 11, 12. WSOU is wrong. Your Honor will retain control. Mot. at 10. Thus, congestion/familiarity will be the same.[9]

### II. CONCLUSION

Because four factors collectively strongly favor transfer, and the remaining four factors are neutral,[10] this case should be transferred to Austin, which is a clearly more convenient forum.

---

[8] WSOU references Baylor students but it has not identified any student *actually* hired. Opp. at 2. WSOU mentions job postings, but neglects to mention these postings were posted only *after* a different company sued by WSOU stated it was moving to transfer. *See* Ex. 25 at 4–5. Finally, WSOU states that it hired an attorney, Opp. at 3, but she was not hired *before* this lawsuit, and is irrelevant to the events giving rise to the lawsuit.

[9] WSOU ignores that Your Honor will retain jurisdiction. Instead, WSOU repeats its erroneous argument about Austin having a higher caseload per judge. *See supra* note 6. Next, WSOU's assertion that another court could not handle a federal case, *see* Opp. at 11–12, is unprecedented and unsupported. Finally, WSOU relies on *Solas*, Opp. at 11, but the Federal Circuit disapproved of this reasoning. *See In re Adobe*, 545 F. App'x 929, 932 (Fed. Cir. 2020).

[10] WSOU does not dispute the compulsory process/conflict of laws factors are neutral. Opp. at 8.

| | |
|---|---|
| Dated: November 25, 2020 | By: */s/ Barry K. Shelton* |
| | Barry K. Shelton |
| | Texas State Bar No. 24055029 |
| | bshelton@sheltoncoburn.com |
| | **SHELTON COBURN LLP** |
| | 311 RR 620, Suite 205 |
| | Austin, TX 78734-4775 |
| | Telephone: 512.263.2165 |
| | Facsimile: 512.263.2166 |
| | |
| | Benjamin Hershkowitz |
| | bhershkowitz@gibsondunn.com |
| | Brian A. Rosenthal |
| | brosenthal@gibsondunn.com |
| | Allen Kathir |
| | akathir@gibsondunn.com |
| | Kyanna Sabanoglu |
| | ksabanoglu@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | 200 Park Avenue |
| | New York, NY 10166-0193 |
| | Telephone: 212.351.4000 |
| | Facsimile: 212.351.4035 |
| | |
| | Y. Ernest Hsin |
| | ehsin@gibsondunn.com |
| | Jaysen S. Chung |
| | jschung@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | 555 Mission Street, Suite 3000 |
| | San Francisco, CA 94105-0921 |
| | Telephone: 415.393.8200 |
| | Facsimile: 415.393.8306 |
| | |
| | Ryan K. Iwahashi |
| | riwahashi@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | 1881 Page Mill Road |
| | Palo Alto, CA 94304-1211 |
| | Telephone: 650.849.5300 |
| | Facsimile: 650.849.5333 |
| | |
| | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 25th day of November 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton
